IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL IDEEN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-6J |
| | ) | |
| v. | ) | Judge David Cercone |
| | ) | Magistrate Judge Caiazza |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Abdul Ideen be dismissed *sua sponte* because it fails to assert a claim cognizable under 28 U.S.C. §2254. It is further recommended that a certificate of appealability be denied.

### II. REPORT

Abdul Ideen ("Ideen" or "the Petitioner"), a state prisoner, has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254. He asserts that he was subjected to "retaliatory" and "fabricated" disciplinary proceedings while incarcerated at the State Correctional Institution at Houtzdale, Pennsylania. Ideen was placed in restrictive custody following these disciplinary proceedings, and he challenges these actions.

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.2002). "[T]he essence of habeas corpus is an

attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriquez, 411 U.S. 475, 484 (1973). On the other hand, a Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison conditions. Preiser, 411 U.S. at 499. The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate.

Leamer, 288 F.3d at 542.

Here, a ruling in Ideen's favor would not affect the fact or duration of his conviction. Instead, his challenge is related to the conditions of his confinement. That said, his remedy lies not in a habeas corpus action but as a civil rights suit under 42 U.S.C. § 1983. Here, "no matter what the outcome of [Ideen's] habeas petition, neither the fact nor the length of his incarceration will be affected." Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir.2002). Thus, relief is unavailable to Ideen and his federal habeas petition should be dismissed for

failing to raise a claim cognizable under 28 U.S.C. §2254.[1]

Finally, to the extent that Ideen would need one, a certificate of appealability should be denied because jurists of reason would not find it debatable whether he has stated a cognizable federal habeas claim.

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by Abdul Ideen be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due by February 1, 2008. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge

Dated: January 16, 2008

cc:
ABDUL IDEEN
CW-6127
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698

---

1. There is some precedent in the Third Circuit for allowing a federal prisoner to challenge conditions of his confinement under the habeas corpus statutes. See Woodall v. Fed. Bureau of Prisons, 432, F.3d 235 (3d Cir.2006). But that precedent applies only to federal prisoners. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir.2001).

3